# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ROGELIO CASAS-MONTEJANO,<br><br>         Plaintiff,<br><br>    v.<br><br>ERIC HOLDER JR., Attorney General, the United States of America, et al.,<br><br>         Defendants. | CASE NO. 1:11-cv-00670-LJO-SKO<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL COMPLAINT AND ACCOMPANYING EXHIBITS AND DENYING WITHOUT PREJUDICE TO PLAINTIFF'S REQUEST TO SEAL ALL FUTURE DOCUMENTS**<br><br>(Doc. 17) |

## I. INTRODUCTION

On July 18, 2011, Plaintiff Hector Rogelio Casas-Montejano ("Plaintiff") filed a notice of request to file documents under seal. Plaintiff seeks to seal the complaint for declaratory injunctive and other relief filed on April 27, 2011, and "[e]very and all future documents, hearings, and filings pertaining to the. . . case." (Doc. 17, 1:23.) For the reasons set forth below, Plaintiff's request is GRANTED IN PART and DENIED IN PART.

## II. DISCUSSION

**A.    Request to Seal Complaint and Attached Documents**

Absent compelling justification, filings in cases are a matter of public record. *U.S. v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008). There is a "'strong presumption in favor of access'

1 . . . A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. That is, the party must 'articulate[] compelling reasons supported by specific factual findings.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). Local Rule 141(a) provides that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law."

Here, Plaintiff contends that the records at issue are traditionally kept secret and that compelling reasons exist to file the complaint and supporting documentation under seal, including that the safety of certain individuals would be at risk if the documents were publically filed. The Court notes that identical documents were ordered sealed in Case No. 1:11-CV-00524-GSA; the order sealing the petition in that action stated that "there is sensitive information contained in the petition and attached documents that may jeopardize the safety of certain individuals." (Doc. 1.)

Accordingly, the Court finds that there is compelling justification and GRANTS Plaintiff's request to file under seal the complaint and attached documents in the instant case.

**B.    Request to Seal Future Documents**

Plaintiff also requests that every and all future documents, hearings, and filings pertaining to this action be filed under seal. As noted above, a party requesting to file documents under seal must show that there are compelling reasons to seal the requested records. A blanket order sealing all future documents is over broad as Plaintiff has not made a showing that there is a compelling reason to seal every document that may exist in this action.

Additionally, Local Rule 141(a) provides that "[t]o ensure that documents are properly sealed, specific requests to seal must be made even if an existing order, statute, or rule requires or permits the sealing of the document." A party must also comply with Local Rule 141(b), which provides the following requirements when requesting that documents are filed under seal:

> [T]he 'Notice of Request to Seal Documents' shall be filed electronically. . . . The Notice shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the 'Request to Seal Documents,' proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and the documents were served on all other parties.

Further, Local Rule 141(c) provides that a party opposing a sealing request may file an opposition within three days of the date of service of the "Notice to Request to Seal Documents." The Court thus must separately consider each request to file documents under seal and any opposition received in order to determine if the requesting party has met both the compelling reasons standard to file under seal as well as the procedural requirements of Local Rule 141. The Court is reluctant to issue a blanket order sealing all future documents before the Defendants have filed answers in this action and thus have not yet had an opportunity to address Plaintiff's request.

As such, the request to file every and all future documents, hearings, and filings pertaining to this action under seal is DENIED without prejudice.

### III. CONCLUSION

Accordingly, it is ordered that:

1. Plaintiff's request to file under seal the complaint for declaratory injunctive and other relief is GRANTED. The Clerk of the Court is DIRECTED to seal the complaint and any attached documents and exhibits; and

2. Plaintiff's request to file under seal every and all future documents, hearings, and filings pertaining to this action is DENIED without prejudice. Plaintiff must comply with the requirements of Local Rule 141 *and* show compelling reasons why a particular document should be filed under seal.

IT IS SO ORDERED.

Dated:   **July 28, 2011**                              /s/ Sheila K. Oberto
                                                                 UNITED STATES MAGISTRATE JUDGE