IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ROGELIO CASAS-MONTEJANO,<br><br>                    Plaintiff,<br><br>      vs.<br><br>ERIC HOLDER, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. CV-F-11-670 LJO SKO<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>(Doc. 37) |

### INTRODUCTION

Plaintiff Hector Rogelio Casas-Montejano ("Mr. Casas") filed this action, seeking declaratory, injunctive, and equitable relief. Proceeding on his first amended complaint ("FAC"), Mr. Casas seeks, *inter alia*: (1) a permanent injunction enjoining the government from removing him from the United States and from further restraining him; (2) an order directing this Court to enter judgment in his favor in a pending criminal action against him; (3) an order directing a different court in the United States District Court, Central District of California ("Central District") to vacate a 1992 criminal conviction ("Central District Conviction"), entered pursuant to a plea agreement, and to enter a new judgment in that Central District criminal action; and (4) and order vacating Mr. Casas' removal order, issued by the immigration court. Mr. Casas also seeks declaratory relief, declaring, *inter alia*, that: (1) Mr. Casas could not have been charged for two of the three criminal counts to which he pled guilty in the 1992 Central District Conviction; and (2) cannot be found guilty of the pending criminal charge against him in this district. In his first amended complaint ("FAC"), Mr. Casas further challenges the constitutionality of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 232, on its face and as it applies to him.

Defendants Eric Holder, United States Attorney General, Patrick McLaughlin ("Mr. McLaughlin"), Assistant United States Attorney, Benjamin Wagner, United States Attorney for the Eastern District of California, Janet Napolitano, Secretary of Homeland Security, and Albert Najera, United States Marshal for the Eastern District of California ("Defendants") move to dismiss Mr. Casas' FAC, arguing that this Court lacks jurisdiction to award Mr. Casas any of the relief he seeks. Defendants argue that the REAL ID Act strips this Court of jurisdiction to consider Mr. Casas' challenges to his immigration proceedings. Moreover, Defendants argue that this Court lacks authority to stay Mr. Casas' criminal proceedings and lacks jurisdiction to release Mr. Casas from custody. Defendants assert further that this Court lacks jurisdiction to stay Mr. Casas' unripe request for a stay of removal.

This Court agrees that it lacks jurisdiction over Mr. Casas' claims and cannot order the requested relief. The REAL ID Act transfers jurisdiction to the circuit courts exclusively to consider challenges to immigration proceedings. In addition, this Court lacks jurisdiction to provide declaratory or injunctive relief to interfere with the Central District Conviction and the orders of the immigration court. Moreover, because Mr. Casas does not face removal presently, some of his claims are not ripe. Finally, this Court cannot direct judgment of a pending criminal case through this civil action. For these reasons, this Court DISMISSES Mr. Casas' action with prejudice.

## BACKGROUND[1]

### Central District Criminal Conviction

Mr. Casas is a native and citizen of Mexico. He was admitted to the United States as an immigrant on October 16, 1980. Mr. Casas was subsequently granted legal permanent residence.

On March 6, 1992, a federal grand jury sitting in the Central District indicted Mr. Casas on charges related to the manufacture of methamphetamine and possession of a shotgun. On April 24, 1992, following his guilty plea, the Central District convicted Mr. Casas of: (1) knowingly and intentionally possessing more than twenty kilograms of ephedrine, in violation of 21 U.S.C. §8412(d)(1)

---

[1] Unless otherwise stated, these facts come from the first amended complaint ("FAC"). The FAC was filed under seal. To the extent this Court discloses sealed information in this order, this Court has placed that information in footnotes. A redacted copy of this order will be filed on the public docket–with the sealed information disclosed in the footnotes redacted. An unredacted copy of this order will be filed under seal.

2

("Count One"); (2) knowingly and intentionally distributing 546 grams of methamphetamine, in violation of 21 U.S.C. §841(d)(1) ("Count Three"); and (3) knowingly possessing a shotgun in and effecting interstate commerce, in violation of 18 U.S.C. §922(g)(1) ("Count Six"). *United States v. Casas-Montejano*, No. 92-cr-181 (C.D. Cal. April 24, 1992) (collectively "Central District conviction"). Mr. Casas further alleges that at the plea colloquy, he agreed to plead guilty to the three counts in exchange for the dismissal of three charges, a reduction of the total sentence to less than five years, supervise release for five years, and permanent residency in the United States.[2] Mr. Casas alleges that at the plea colloquy, Assistant United States Attorney Patrick McLaughlin ("Mr. McLaughlin") promised Mr. Casas that he would not be deported if he were to agree to the plea offer.

In his FAC, Mr. Casas challenges the Central District conviction on a number of grounds. Mr. Casas alleges that when he informed Mr. McLaughlin that he was represented by Richard Nahigian ("Mr. Nahigian"), Mr. McLaughlin advised Mr. Casas that if he were to disclose the plea offer to Mr. Nahigian, his life would be in danger. Thus, Mr. Casas proceeded with the plea colloquy without counsel. In addition, Mr. Casas alleges that Mr. Nahigian provided ineffective assistance to him. Mr. Casas also challenges the underlying allegations of two of the three charges to which he pled guilty. Mr. Casas argues that he never should have pled guilty to Count Three, because there was no additional evidence to support a conviction of the additional offense. Mr. Casas further contends that he never should have pled to Count Six, because the firearm was not found in his constructive possession.

On June 14, 1995, Mr. Casas was sentenced to 51 months on each of the counts to run concurrently.[3]

**Removal Proceedings and Subsequent Motions, Appeals, and Writ**

On October 20, 1997, Mr. Casas was ordered to appear for removal proceedings. These proceedings were extended three times at the request of Mr. McLaughlin so that Mr. McLaughlin could

---

[2] ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[3] ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

3

attempt to obtain an S-visa for Mr. Casas. Mr. Casas was ordered to be removed on March 23, 1998.[4]

From March 23, 1998 through December 2004, represented by Murray Hilts ("Mr. Hilts"), Mr. Casas filed unsuccessful motions, an appeal and a writ seeking leave to apply for 212(c) relief. During this same period, Mr. Hilts also sought asylum for Mr. Casas. Ultimately, Mr. Casas was denied relief in all courts, including the immigration court, the BIA, the Ninth Circuit, and the district court. In addition, Mr. Casas was denied asylum.

### Custody and Release

In December 1999, Mr. Casas was released from federal prison into INS custody at the request of Mr. McLaughlin, for Mr. Casas' protection. Mr. Casas requested to be released on bond on April 26, 2000. The immigration court granted Mr. Casas' release request.[5]

### Dismissal of Gun Charge and Removal

Mr. McLaughlin moved to dismiss the underlying gun charge in the Central District. On September 2, 2004, the gun charge was dismissed. On September 1, 2004, the day before the gun charge was dismissed, Mr. Casas was removed to Mexico.

### Reentry

Mr. Casas alleges that he reentered the United States to avoid being tortured and killed.[6] He presented his driver's license when he reentered. He lived openly in the United States as a model citizen from the time of his reentry in September 2004 until he was arrested.[7]

### Pending Criminal Charges

On March 29, 2010, Mr. Casas was arrested and detained for unlawful reentry. He was indicted

[4] ██████████████████████████████████████████████████████████████████████████████████

[5] ██████████████████████████████████████████████████████████████████████████████████

[6] ██████████████████████████████████████████████████████████████████████████████████

[7] ██████████████████████████████████████████████████████████████████████████████████

on those charges on April 8, 2010. Mr. Casas moved to dismiss the unlawful reentry charges, arguing that the immigration court erred by failing to grant him relief and to allow him to pursue that relief based on the subsequent dismissal of the gun charge. Mr. Casas' motion to dismiss the pending criminal charge was denied. Mr. Casas' criminal case subsequently was reassigned to this Court.

### Subsequent Immigration Proceedings and Habeas Corpus Petition[8]

After Mr. Casas was arrested on the unlawful reentry charge, and in addition to moving to dismiss the criminal indictment in the criminal action, Mr. Casas sought relief in the immigration court, through a petition for habeas corpus, and through the instant civil action.

On April 29, 2010, Mr. Casas, through new counsel, unsuccessfully moved to reopen immigration proceedings. This was the third motion to reopen that Mr. Casas filed. Mr. Casas argued ineffective assistance of Mr. Hilts in the Central District conviction. Mr. Casas again sought leave to apply for 212(c) relief. The immigration court denied his motion to reopen. On July 21, 2010, Mr. Casas filed a petition for review with the Ninth Circuit to appeal the BIA's denial of his third motion to reopen his removal proceedings. In his petition for review, Mr. Casas claimed that during his removal proceedings and in each of the earlier motions to dismiss, his counsel failed to argue that the *Santobello* and danger doctrines bar his removal. This case is currently pending on petition for review in the Ninth Circuit.

Mr. Casas also filed a habeas corpus petition in this district seeking specific performance of the plea agreement. His habeas corpus petition was denied, *sua sponte*, on jurisdictional grounds. The court ruled that it lacked jurisdiction, because the appropriate venue to challenge the Central District Conviction was the Central District. The denial of his habeas corpus petition is currently on appeal also.

### Instant Action

Mr. Casas filed this civil action on April 27, 2011. In his original complaint, Mr. Casas sought declaratory and injunctive relief pursuant to the Declaratory Relief Act, 28 U.S.C. §§2201, 2202 ("DRA") . Mr. Casas filed a motion for a temporary restraining order ("TRO"), to compel his release from custody, among other things. Defendants opposed the TRO and moved to dismiss. Mr. Casas

---

[8] As set forth below, this Court takes judicial notice of the dockets of this Court and the Ninth Circuit Court of Appeals, including that Mr. Casas has two pending appeals with the appellate court.

withdrew his TRO motion and filed his FAC on September 14, 2011.

In his FAC, Mr. Casas asserts the following causes of action:

| | | |
|---|---|---|
| Count One: | Violation of Due Process Under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983 (Deprivation of Liberty); |
| Count Two: | Violation of Due Process Under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983 (Unjust Retroactive Application of REAL ID Act); |
| Count Three: | Violation of Due Process Under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983 (Unjust Application of REAL ID Act's Limitation Period to Transfer Action); |
| Count Four: | Declaratory Relief, pursuant to the DRA, 28 U.S.C. §2201 (Declaring that the REAL ID Act is not retroactive as to Mr. Casas); |
| Count Five: | Declaratory Relief, pursuant to the DRA, 28 U.S.C. §2201 (Declaring that the REAL ID Act is unconstitutional in its retroactive application to Mr. Casas); |
| Count Six: | Declaratory Relief, pursuant to the DRA, 28 U.S.C. §2201 (Declaration that the REAL ID Act is unconstitutional in its limitation on transfer provision as to Mr. Casas); |
| Count Seven: | Declaratory Relief, pursuant to the DRA, 28 U.S.C. §2201 (Declaration that Defendants Placed Mr. Casas in danger and that they have a duty to protect him from that danger); |
| Count Eight: | Injunctive Relief, pursuant to the DRA, 28 U.S.C. §2202 (Enjoin Removal of Mr. Casas to Mexico); |
| Count Nine: | Injunctive Relief, pursuant to the DRA, 28 U.S.C. §2202 (Enjoin Defendants from enforcing the retroactive provision of the REAL ID Act); and |
| Count Ten: | Injunctive Relief, pursuant to the DRA, 28 U.S.C. §2202 (Enjoin Defendants from enforcing the limitation on transfer provision of the REAL ID Act). |

Based on these ten counts, Mr. Casas seeks the following relief:

1. A declaration declaring Defendants placed Mr. Casas in danger;

2. A declaration declaring Defendants have a due process duty, pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution, to protect Mr. Casas from the danger they placed him in;

3. A declaration declaring Defendants have a statutory duty, pursuant to 18 U.S.C. §3521(b)(1) to protect Casas from the danger they placed him in;

4. A declaration declaring the court has an inherent duty to protect Mr. Casas from the danger defendants placed him in;

5. A declaration declaring that Mr. Casas could not have been charged with Count 3 of the underlying indictment and could not therefore have plead to that charge;

6. A declaration declaring that Mr. Casas could not have been charged with Count 6 of the underlying indictment and could not therefore have plead guilty to that charge;

7. A declaration declaring that Mr. Casas could not have been found guilty of illegal reentry;

8. A declaration declaring that Mr. Casas cannot, or could not, be found guilty of illegal reentry;

9. A declaration declaring that the REAL ID Act cannot be applied to Mr. Casas retroactively;

10. A declaration declaring that the REAL ID Act's limitation on transfer provision cannot be applied to Mr. Casas;

11. A judgment on the requested declarations;

12. A permanent injunction enjoining defendants from removing Mr. Casas from the United States and further restraining him;

13. An order directing the appropriate courts to set aside the applicable convictions for unlawful entry and unlawful reentry, if entered, and to enter judgment for Mr. Casas on each and/or to dismiss the charges on the unlawful reentry charges, if still pending;

14. An order directing the appropriate court to set aside the plea on Counts 3 and 6 of the underlying indictment and to enter a new judgment on Mr. Casas' plea of guilty on only Count 1;

 1       15.      An injunction enjoining Defendants from applying the REAL ID Act to Mr. Casas
 2               retroactively;
 3       16.      An injunction enjoining Defendants from applying the REAL ID Act's limitation on
 4               transfer provision to Mr. Casas;
 5       17.      Costs of suit and attorneys' fees; and
 6       18.      Such other relief as the court may deem proper.
 7 FAC, pp. 26-27.

Defendants moved to dismiss the FAC on October 13, 2011. Defendants argue that Mr. Casas' claims to enjoin removal are not ripe, because he has not alleged that he is facing removal presently from immigration authorities. Defendants further argue that this Court lacks jurisdiction to adjudicate Mr. Casas' claims, because REAL ID Act of 2005 presents a jurisdictional bar.

Mr. Casas opposed the motion on October 21, 2011. Mr. Casas challenges the Defendants' reliance on their initial motion to dismiss and the original complaint. Mr. Casas further argues that this Court must consider this motion pursuant to Fed. R. Civ. P. 12(b)(6) or 56. Mr. Casas argues that Defendants waived jurisdiction under the REAL ID Act of 2005 and that his request to be released from custody is ripe. Mr. Casas further argues that the IIRIRA and the REAL ID Act are inapplicable. In the alternative, Mr. Casas argues that if the IIRA and the REAL ID Act are applicable, transfer is appropriate. Mr. Casas further moved for a second TRO on October 24, 2011. Defendants replied on October 28, 2011. Having considered the parties' arguments, exhibits attached thereto, where appropriate, and applicable case law, this Court issues the following order.

## PRELIMINARY ISSUES

Defendants' motion to dismiss the FAC contains procedural errors and is confusing. Inexplicably, Defendants fail to identify the federal rule upon which they rely for the motion to dismiss and set forth no standards of review. Confusingly, in some arguments, Defendants move to dismiss based on lack of jurisdiction and ripeness. In other circumstances, Defendants appear to argue that Mr. Casas' claim fails as a matter of law. Defendants further appear to incorporate their motion to dismiss the original complaint and all of the arguments therein. Additionally, Defendants' motion to dismiss appears to focus on the claims for relief–not the causes of action–of the FAC. The motion is unclear

as to which arguments relate to which causes of action, if any. While some arguments appear only focused on claims for relief, other arguments appear to be directed at claims of the original complaint that were not included in the FAC.

Unsurprisingly, Mr. Casas raises several procedural and substantive challenges to Defendants' motion to dismiss. First, Mr. Casas objects to Defendants' reliance on, and reference to, the original complaint and motion to dismiss. Mr. Casas argues that because the original complaint was superceded by the FAC, Defendants' arguments in their original motion to dismiss are void and should not be considered. Second, Mr. Casas submits that this Court must consider the motion pursuant to either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56. Mr. Casas argues that because the issues of jurisdiction and substance are intertwined, this Court must consider the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Based on these standards, Mr. Casas objects to the Court's consideration of any matters outside of the pleadings, including consideration of the original complaint, original TRO motion, original motion to dismiss, petitions filed by Mr. Casas to the Ninth Circuit, and other matters outside of the FAC upon which Defendants rely. In the alternative, Mr. Casas argues that if this Court were to consider documents outside of the pleadings, then the motion must be converted into a Fed. R. Civ. P. 56 motion. Mr. Casas then moves to deny the summary judgment motion as premature, as the parties have not yet conducted discovery.

This Court addresses these procedural issues before considering the substantive arguments of the motion to dismiss.

### Motion To Dismiss Original Complaint

Mr. Casas submits that the pending motion to dismiss should be denied as moot because it improperly addresses the original complaint. It is well-settled that an amended complaint supercedes an original complaint for all purposes. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990); *Puget Sound Power & Light Co. v. Seattle*, 5 F.2d 393, 396 (9th Cir. 1925). Mr. Casas contends that the current motion addresses the original complaint almost exclusively. Mr. Casas argues that since the motion to dismiss is based on the original complaint–rather than the FAC–and the original complaint has been superceded, this motion must be dismissed as moot. Defendants do not address this argument in reply. Rather, Defendants limit their reply to arguments related to thethe FAC.

While the arguments related to the REAL ID Act of 2005 are related to the FAC, this Court agrees with Mr. Casas that Defendants' motion to dismiss the FAC also includes claims for relief contained in the original complaint. In addition, Defendants' motion cites extensively to the original complaint. Accordingly, this Court DENIES Defendants' motion to dismiss to the extent that it relies on or refers to the original complaint, which has been superceded by the FAC.

### "Intertwined" Jurisdiction and Substantive Issues

A "jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139 (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). The question of jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id. See also Thornhill Publ'g Co. v. Gen. Tel. Co.*, 594 F.2d 730, 734 (9th Cir. 1979) ("When a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous.") (quotation omitted). "Where jurisdiction is intertwined with the merits, [the court] must assume the truth of the allegations of the complaint...unless controverted by undisputed facts in the record." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003).

This Court shall consider Defendants' challenge under Fed. R. Civ. P. 12(b)(1) standards to the extent that Defendants challenge this Court's jurisdiction. In some arguments, Defendants contend that Mr. Casas' claims fail for purely jurisdictional reasons–either because the claims are unripe or because the REAL ID Act strips this Court of jurisdiction. These arguments are not intertwined with the merits of Mr. Casas' claims. "Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. §2201 will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades*, 504 F.3d at 1157.

### Conversion to Fed. R. Civ. P. 56 Motion

In the alternative, Mr. Casas argues that if the Court considers matters outside of the pleadings, this Court must convert this motion to a summary judgment motion pursuant to Fed. R. Civ. P. 56. Mr.

1  Casas then argues that the summary judgment is premature and should be dismissed or delayed to allow
2  the parties to conduct discovery.  Fed. R. Civ. P. 12(d) provides: "If, on a motion under Rule 12(b)(6)
3  or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must
4  be treated as one for summary judgment under Rule 56."  If a motion is so converted, "[a]ll parties must
5  be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*.  As set
6  forth below, however, this Court may consider matters outside of the pleadings in a factual challenge
7  to jurisdiction without converting it to a Fed. R. Civ. P. 56 motion.  Moreover, and as discussed more
8  fully below, this Court find that it lacks jurisdiction based solely on the allegations of the complaint,
9  including its attachments, and judicially-noticeable facts.  This Court is not contemplating the merits
10 of Mr. Casas' claims, and is ruling solely on jurisdictional grounds without consideration of outside
11 evidence.  Accordingly, this Fed. R. Civ. P. 12(b)(1) motion is not converted to a summary judgment
12 motion.

### STANDARDS OF REVIEW

14 In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the
15 party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter
16 jurisdiction.  *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).
17 The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See
18 Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).  The court must also
19 consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint,
20 or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*,
21 343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also, White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.
22 2000).

23 In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations
24 in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v.
25 Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In this case, the court must consider the allegations of the
26 complaint as true.  *See Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corp.*,
27 594 F.2d 730 (9th Cir. 1979).

28 In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter

jurisdiction, is challenged. In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

Defendants present both a facial and a factual challenge to the FAC. For those arguments that are a facial challenge, this Court shall consider the allegations of the complaint as true. In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged and this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039-40 n.2.

This Court may also consider facts that are judicially noticeable in a Fed. R. Civ. P. 12(b)(1) motion. To be judicially noticeable, a fact must not be subject to a reasonable dispute because it must be either generally known within the territorial jurisdiction of the court or "capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. This Court takes judicial notice of the following facts: Mr. Casas filed a habeas action in this court, which was dismissed; Mr. Casas appeal that dismissal; and Mr. Casas has a second appeal pending in the Ninth Circuit, which also raises issues challenging his removal.

///
///
///
///
///

## DISCUSSION[9]

---

[9] This Court carefully reviewed and considered the record, including the FAC and its attachments, all of the parties' arguments and points and authorities. Omission of reference to an argument, document, or objection shall not be construed to the effect that this Court did not consider the argument, document, or objection or paper. Because this Court lacks

12

**REAL ID Act of 2005**

The REAL ID Act of 2005 created "streamlined judicial review" of final orders of deportation, removal, and exclusion, by eliminating habeas corpus relief in the district courts and conferring exclusive jurisdiction over these matters to the circuit courts. *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005); 8 U.S.C. §2252. The REAL ID Act "expanded the jurisdiction of the circuit courts over final orders of removal" and "makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal." *Id*. (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, §106(a)). The REAL ID Act also conferred jurisdiction to the circuit courts over criminal alien's petitions for review. *Puri v. Gonzales*, 464 F.3d 1038-1041-42 (9th Cir. 2006). Congress expressly made the judicial review provisions of the REAL ID Act apply retroactively. *Id*. at 106(b) ("The amendments made [relating to judicial review] shall apply to cases in which the final administrative order of removal, deportation or exclusion was issued before, on or after the date of enactment of this division."); *see also, Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005) (REAL ID Act's judicial review provisions apply retroactively). Through the REAL ID Act, Congress sought to "limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)." *Iasu v. Smith*, 511 F.3d 881, 887 (9th Cir. 2007).

**District Court Lacks Jurisdiction Over Mr. Casas' Claims Challenging Removal**

This Court lacks jurisdiction over Mr. Casas causes of action that either challenge his removal directly or are "inextricably linked" to his removal order.[10] *Morales-Izquierdo v. Dept of Homeland Sec.*, 600 F.3d 1076, 1082 (9th Cir. 2010). Mr. Casas argues that the REAL ID Act does not apply, because he is challenging the Central District Conviction, the pending criminal action, and raises independent constitutional challenges outside his order of removal. Mr. Casas "cannot challenge only" the Central District Conviction, the pending criminal charge, or the REAL ID Act constitutionally "without also

---

jurisdiction over Mr. Casas' claims, this Court need not consider all arguments presented by the parties.

[10] This includes, but is not limited to, counts one, seven and eight.

13

impugning" his order of removal. *Id*. "[T]herefore, his present challenge is properly construed as a challenge to an 'order of removal.'" *Id*. (citing *INS v. Chadha*, 462 U.S. 919, 938 (1983)) (final order of removal "includes all matters on which the validity of the final order is contingent, rather than only those determinations actually made at the hearing). Because the circuit courts have exclusive jurisdiction over these matters, this Court lacks jurisdiction over Mr. Casas' claims.

Similarly, this Court lacks jurisdiction, pursuant to the REAL ID Act, to consider Mr. Casas' substantive due process constitutional challenges. *Morgan v. Gonzales*, 495 F.3d 1084, 1090 (9th Cir. 2007) (explaining that REAL ID Act transferred jurisdiction over substantive due process claims from district courts to circuit courts). In Counts Two, Mr. Casas contends that application of the REAL ID Act to him would violate his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. In Count Three, he asserts that the application of the REAL ID's limitation period to transfer action violates his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. In Count Four, Mr. Casas seeks declaratory relief, pursuant to the DRA, 28 U.S.C. §2201, declaring that the REAL ID Act is not retroactive as to Mr. Casas. In Count Five, Mr. Casas seeks declaratory relief, pursuant to the DRA, declaring that the REAL ID Act is unconstitutional in its retroactive application to Mr. Casas. In Count Six, Mr. Casas seeks declaratory relief, pursuant to the DRA, declaring that the REAL ID Act is unconstitutional in its limitation on transfer provision as to Mr. Casas. In Count Nine, Mr. Casas seeks injunctive relief, pursuant to the DRA, 28 U.S.C. §2202, to enjoin Defendants from enforcing the retroactive provision of the REAL ID Act). In Count Ten, Mr. Casas seeks injunctive relief, pursuant to the DRA, 28 U.S.C. §2202, to enjoin Defendants from enforcing the limitation on transfer provision of the REAL ID Act. As set forth above, this Court lacks jurisdiction to consider these substantive due process challenges and challenges to the REAL ID Act. *See Morgan*, 495 F.3d at 1090; see also, 8 U.S.C. 1252(a)(5); 8 U.S.C. 1252(g).

Mr. Casas fails to carry his burden to establish that this Court has jurisdiction over his claims. Moreover, he erroneously contends that this Court must retain this action, because an original district court action is Mr. Casas' only means of obtaining factual development and judicial review of his constitutional claims. Pursuant to 28 U.S.C. §2347(b)(3), the circuit court is authorized to transfer an

action to a district court to conduct a hearing "when a hearing is not required by law and a genuine issue of fact is presented." If appropriate, the circuit court may exercise its authority to transfer this action to the district court to conduct an evidentiary hearing. *See Morgan*, 495 F.3d at 1090-91. Accordingly, this Court is not the only means by which Mr. Casas may develop his claims factually.

As set forth above, the REAL ID Act "limit[s] all aliens to one bite of the appeal with regard to challenging an order of removal." *Iasu*, 511 F.3d at 887. Mr. Casas has two pending actions in the Ninth Circuit challenging his removal. This third challenge is Mr. Casas' improper attempt for a "piecemeal review" of his immigration and criminal proceedings and more bites of the proverbial apple. *See Puri*, 464 F.3d at 1043 (pending petition for review provides sufficient reason to dismiss district court petition seeking same relief). This Court is precluded from considering Mr. Casas' claims, all of which constructively challenge his removal, pursuant to the REAL ID Act of 2005. Accordingly, this Court lacks jurisdiction over Mr. Casas' action.

## Claims Related to Threatened Removal are Unripe

In three of his claims (counts one, seven and eight), Mr. Casas asserts that the government would violate this due process rights by removing him to Mexico. Defendants argues that this Court lacks jurisdiction over these claims for the additional reason that they are not ripe. As a court of limited jurisdiction, this Court must consider whether jurisdiction exists pursuant to Article III of the United States Constitution, and dismiss an action if jurisdiction is lacking. *Southern Pacific Transportation Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir.1990), *cert. denied*, 502 U.S. 943, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991); *see also*, Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This Court's Article III jurisdiction over a case "depends on the existence of a 'case or controversy.' " *GTE California, Inc. v. Federal Communications Commission*, 39 F.3d 940, 945 (9th Cir.1994). "To enforce Article III's limitation of federal jurisdiction to 'cases and controversies, Plaintiffs must demonstrate both standing and ripeness." *Nelson v. National Aeronautics and Space Admin.*, 530 F.3d 865, 873 (9th Cir.2008).

The ripeness doctrine serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies" and requires assessing "both the fitness of the issues for judicial decision and the hardship to the parties of

withholding court consideration." *Abbott Labs. v. Garner*, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) (quoted in *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 779-80 (9th Cir.2000)). "Ripeness is a prudential doctrine intended, in part, to prevent judicial review of legal issues outside the limits of Article III cases and controversies." *Earth Island v. Ruthebeck*, 490 F.3d 687, 694 (2008).

Although Mr. Casas challenges removal, and seeks to enjoin removal, Mr. Casas fails to allege that the immigration authorities have reinstated his removal order or that he faces a current removal order. The FAC fails to allege that Mr. Casas faces a realized threat of removal. Accordingly, the claims based on potential for a future order of removal are not ripe. Accordingly, this Court lacks jurisdiction over those claims for this additional reason. Once those issues are ripe, however, Mr. Casas must raise them with the circuit court, pursuant to the REAL ID Act of 2005.

**District Court Lacks Jurisdiction over Claims Related to Criminal Actions**

To the extent that Mr. Casas' asserts claims based on the Central District Conviction, this Court lacks jurisdiction to consider them. Only the court that convicted and sentenced Mr. Casas can alter or vacate that conviction. *United States v. Monreal*, 301 F.3d 1127, 1130-31 (9th Cir. 2002). Jurisdiction over Mr. Casas' claims challenging the Central District Conviction lies in the Central District, if at all. Accordingly, Mr. Casas' claims related to the Central District Conviction are dismissed.

Similarly, this Court agrees with Defendants that this Court lacks authority to interfere with Mr. Casas' pending criminal trial in this district. If Mr. Casas seeks relief in his criminal action, Mr. Casas must file the appropriate motions in the criminal action. Mr. Casas fails to cite any authority that this Court may, though a civil action, stay the criminal proceedings, release Mr. Casas from custody, enter judgment, or otherwise interfere in his criminal proceedings. Accordingly, Mr. Casas' claims related to the pending criminal proceedings are dismissed.

**Futility of Leave to Amend**

Although Mr. Casas did not request leave to amend, this Court finds that amendment to his pleadings would be futile. A motion to amend "is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir.1982). Denial of leave to file an amended complaint is appropriate where an amendment

is futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991). A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). An amendment is futile when it lacks legal foundation. *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir.1992), *cert. denied*, 509 U.S. 903, 113 S.Ct. 2993, 125 L.Ed.2d 688 (1993).

Faced with a motion to dismiss and an opposition to his TRO, Mr. Casas amended his complaint as of right, pursuant to Fed. R. Civ. P. 15. Although the jurisdictional arguments were raised prior to amendment, Mr. Casas' amended complaint failed to cure the deficiencies contained in his original complaint. In addition, pursuant to jurisdiction stripping provision of the REAL ID Act, this Court finds that Mr. Casas would be unable to cure the jurisdictional deficiencies presented by Mr. Casas' claims. Because amendment would be futile, this Court denies leave to amend and dismisses this action with prejudice.

### CONCLUSION

For the foregoing reasons, this Court:

1. GRANTS defendants' motion to dismiss;
2. DISMISSES Mr. Casas' action with prejudice;
3. VACATES all pending motions and dates, including the November 10, 2011 scheduling conference and the November 22, 2011 hearing on the second TRO motion; and
4. DIRECTS the clerk of court to enter judgment in favor of Defendants.

IT IS SO ORDERED.

**Dated:   November 2, 2011**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE